IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
CASE NO. 7:20-CV-00185-M

JOHN SINCLAIR,
         Plaintiff,

v.

CITY OF LUMBERTON *et al.*,
         Defendants.

**ORDER**

This matter is before the court on the Memorandum and Recommendation ("M&R") of United States Magistrate Judge Robert B. Jones, Jr. [DE-3] to dismiss this action without prejudice for failure to prosecute or to comply with this court's order. Plaintiff has not filed objections to the M&R, and the deadline for doing so has expired. This matter is ripe for ruling.

"The Federal Magistrates Act requires a district court to make a de novo determination of those portions of the magistrate judge's report or specified proposed findings or recommendations to which objection is made." *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (emphasis, alteration, and quotation omitted); *see* 28 U.S.C. § 636(b). Absent timely objection, "a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond*, 416 F.3d at 315 (citation and quotation omitted).

The court has reviewed the M&R and the record and is satisfied that there is no clear error on the face of the record. By order dated October 7, 2020, the court outlined several deficiencies with Plaintiff's documents including the failure to sign the filing entitled "Application to Proceed in District Court without Prepaying Fees or Costs," provide a financial disclosure statement, provide a notice of self-representation, provide proposed summonses for all of the necessary

1

parties for service of this action, and provide sufficient address information on the summonses such that the U.S. Marshal will be able to effect service upon the defendants. DE-2. Plaintiff was directed to correct those deficiencies within fourteen days, and he was warned that "[f]ailure to do so may result in the dismissal of this action without prejudice for failure to prosecute." *Id.* The Plaintiff failed to do so by the deadline of October 21, 2020, and thus the M&R [DE-3] issued the following day. The Plaintiff had until November 5, 2020, to file written objections to the M&R, but chose not to do so, even after requesting [DE-4] and being granted [DE-5] an extension of time within which to do so. Since that time the Plaintiff appears to have addressed some but not all of the original deficiencies outline by this court. *See* Financial Disclosure Statement, DE-6; Corrected Application to Proceed in District Court Without Prepaying Fees or Costs, DE-7.

Accordingly, the court ADOPTS the M&R [DE-3] and for the reasons state therein DISMISSES this action WITHOUT PREJUDICE. The clerk of court is directed to close the case.

SO ORDERED this the 22 day of December, 2020.

RICHARD E. MYERS II
UNITED STATES DISTRICT JUDGE